## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CHRISTOPHER BARZE,**

     **Plaintiff,**

**v.**                           **Case No.:**

**AKUMIN CORP.,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Christopher Barze, by and through undersigned counsel, brings this action against Defendant, Akumin Corp., and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages for violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 et seq.

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

### PARTIES

4.     Plaintiff is a resident of Pinellas County, Florida.

5.      Defendant operates a radiology clinic in Clearwater, in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the USERRA, 38 U.S.C. § 4303(3).

10.     At all times material hereto, Plaintiff was engaged in "service in the uniformed services" within the meaning of the USERRA, 38 U.S.C. § 4303(13).

11.     At all times material hereto, Defendant was an "employer" within the meaning of the USERRA, 38 U.S.C. § 4303(4).

## FACTS

12.     Plaintiff began working for Defendant as a Clinic Administrator on September 17, 2020, and he worked in this capacity until June 3, 2021.

13.     Plaintiff performed the duties of his position with Defendant in a satisfactory manner.

14.     Plaintiff is a reservist for the United States military, as such he serves in the uniformed services.

15.     Defendant discriminated against Plaintiff based on service in a uniformed service and took adverse employment action against Plaintiff based on his performance of service.

16.     Defendant's Regional Director, Tiffany Williams (Williams), began to single Plaintiff off based on his military service obligations.

17.     When Plaintiff received his first military orders in the beginning of 2021, Plaintiff began to experience the disparate treatment.

18.     Plaintiff was activated for military service from February 8th through February 12th, 2021.

19.     On or about February 16, 2021, only four (4) days after Plaintiff's return from his military obligations, Williams and Defendant's Vice President of Human Resources, Lori Maker (Maker), gave Plaintiff a write-up for having a dirty desk even though he is the only employee in that particular office.

20.     In March 2021, Plaintiff received military orders again for the second time of his employment.

21.     Plaintiff was activated for military service from March 10th through March 12th, 2021.

22.     On or about March 15th, 2021, only three days after his return from active military service, Defendant ordered Plaintiff to meet with Williams and Maker. However, the meeting was postponed.

23.     On or about March 29th, 2021, Plaintiff met with Williams and Maker.

24.     At the March 29th meeting, Williams and Maker informed Plaintiff that a patient was not seen while he was away on active military service and another Administrator was covering his duties. Defendant gave Plaintiff a written counseling for the patient that was not seen while he was away on military orders.

25.     In May 2021, Plaintiff received a third set of military orders that required him to be gone for another week.

26.     Plaintiff was activated for military service from May 17th through May 21st, 2021.

27.     On or about May 27, 2021, Defendant told Plaintiff to report to the Williams and Maker.

28.     Williams and Maker informed Plaintiff that they had done employee evaluations while he was gone. Specifically, the critiques of Plaintiff's performance were that (1) he over-worked his staff, and (2) he should sit at the front desk more even though this is another employee's work space.

29.     Williams and Maker then informed Plaintiff that this "evaluation" was his final warning and any other issues he will be terminated.

30.     However, Plaintiff's team had performed well and were anticipating bonuses for the fourth month in a row due to their exceptional performance pursuant to Defendant's compensation structure.

31.     Contrary to Williams and Maker's assertions, Plaintiff's team informed him the questions from Williams and Maker were intimidating and not presented as seeking feedback.

32.     Further, Plaintiff received accolades for his work performance including driving revenue, improving services, maintenance, improving collections, and increasing patient volume.

33.     On or about June 2, 2021, one of Plaintiff's staff called out of work so he asked other clients for assistance under the guidance of the regional director. All of the other clinics stated that they could not spare any staff.

34.     Plaintiff re-scheduled the patients for the next day.

35.     On or about June 3, 2021, Plaintiff spoke with Williams who became aggressive and hostile yelling at Plaintiff for allegedly not following directions. However, Williams had previously instructed Plaintiff to ask the other clinics for help and Plaintiff produced proof that he followed her instructions exactly.

36.     However, the Regional Director did not care that Plaintiff had followed her instructions.

37.     Plaintiff was constructively discharged by Defendant on or about June 3, 2021.

38.     Plaintiff contacted Defendant's Human Resources and was informed it would be investigated and they would contact him; however, Plaintiff has heard nothing from Defendant since June 3, 2021.

39.     Defendant ultimately terminated Plaintiff's employment on June 3, 2021, only three months after Plaintiff left for short military duties on three separate occasions, in retaliation for Plaintiff exercising his rights under the USERRA by fulfilling his service duties.

5

## COUNT III – RETALIATION AGAINST PERSONS WHO SERVE IN THE UNIFORMED SERVICES UNDER THE USERRA

40.     Plaintiff realleges and readopts he allegations in paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

41.     Plaintiff was, at times material hereto, engaged in "service in the uniformed services".

42.     Defendant retaliated against Plaintiff engaging in protected activity under the USERRA by terminating Plaintiff's employment.

43.     Defendant's actions were willful and done with malice.

44.     Plaintiff was injured by Defendant's violations of the USERRA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

d)      Any other compensatory damages allowable at law;

(a)     All costs and attorney's fees incurred in prosecuting these claims.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of February, 2022.

Respectfully submitted,


*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**